UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| BRYAN SEVEGNY | : | |
| | : | |
| v. | : | C.A. No. 16-258S |
| | : | |
| MARK L. SMITH | : | |

**REPORT AND RECOMMENDATION FOR**
**SUMMARY DISMISSAL PURSUANT TO 28 U.S.C. § 1915(e)**

Lincoln D. Almond, United States Magistrate Judge

**Background**

Pending before me for determination is Plaintiff's Application to Proceed In Forma Pauperis ("IFP") (Document No. 2) pursuant to 28 U.S.C. § 1915. On June 10, 2016, Plaintiff Bryan Sevegny, a state pre-trial detainee, filed this pro se Complaint against Attorney Mark L. Smith in his individual capacity. Plaintiff's Complaint was accompanied by an Application to Proceed IFP without being required to prepay costs or fees, including the $400.00 civil case filing fee. After reviewing Plaintiff's Application signed under penalty of perjury, I conclude that Plaintiff is unable to pay fees and costs in this matter and thus, Plaintiff's Application to Proceed IFP (Document No. 2) is GRANTED.

Having granted IFP status, this Court is required by statute to further review the Plaintiff's Complaint sua sponte under 28 U.S.C. § 1915(e)(2) and to dismiss this suit if it is "frivolous or malicious," "fails to state a claim on which relief may be granted" or "seeks monetary relief against a defendant who is immune from such relief." For the reasons discussed below, I recommend that Plaintiff's Complaint be DISMISSED WITH PREJUDICE.

**Standard of Review**

Section 1915 of Title 28 requires a federal court to dismiss an action brought thereunder if the court determines that the action is frivolous, fails to state a claim or seeks damages from a defendant with immunity.  28 U.S.C. § 1915(e)(2)(B).  The standard for dismissal of an action taken IFP is identical to the standard for dismissal on a motion to dismiss brought under Fed. R. Civ. P. 12(b)(6).  See Fridman v. City of N.Y., 195 F. Supp. 2d 534, 538 (S.D.N.Y. 2002).  In other words, the court "should not grant the motion unless it appears to a certainty that the plaintiff would be unable to recover under any set of facts."  Roma Constr. Co. v. aRusso, 96 F.3d 566, 569 (1st Cir. 1996).  Section 1915 also requires dismissal if the court is satisfied that the action is "frivolous." 28 U.S.C. § 1915(e)(2)(B)(I).  A claim "is frivolous where it lacks an arguable basis either in law or in fact."  Neitzke v. Williams, 490 U.S. 319, 325 (1989).  The First Circuit has held that the affirmative defense of the statute of limitations may justify dismissal under Section 1915, see Street v. Vose, 936 F.2d 38, 39 (1st Cir. 1991), and other courts have upheld dismissals under Section 1915 because of other affirmative defenses appearing on the face of a complaint.  See e.g., Kimble v. Beckner, 806 F.2d 1256, 1257 (5th Cir. 1986).

**Discussion**

I recommend that Plaintiff's Complaint be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).  In making this recommendation, I have taken all of the allegations in Plaintiff's Complaint as true and have drawn all reasonable inferences in his favor.  Estelle v. Gamble, 429 U.S. 97 (1976).  In addition, I have liberally reviewed Plaintiff's allegations and legal claims since they have been put forth by a pro se litigant.  See Haines v. Kerner, 404 U.S. 519, 520-521 (1972).  However, even applying these liberal standards of review to Plaintiff's Complaint, dismissal is required.

Plaintiff sues Attorney Smith in his individual capacity pursuant to 42 U.S.C. § 1983. He alleges that Attorney Smith is his Court-appointed criminal defense attorney. Although Plaintiff's handwritten Complaint is disorganized and difficult to read, he appears to challenge the quality and effectiveness of Attorney Smith's representation and accuses him of violating various rules of professional conduct.

In order to state a § 1983 claim, Plaintiff must allege "interference with a constitutionally-protected right by someone acting under color of state law...." Malachowski v. City of Keene, 787 F.2d 704, 710 (1st Cir. 1986). The absence of either a constitutionally-protected right or a state actor requires the dismissal of a § 1983 claim. Here, Plaintiff has failed to allege facts sufficient to show that Attorney Smith was a state actor for purposes of his § 1983 claim.

In Lugar v. Edmondson Oil Co. Inc., 457 U.S. 922, 937 (1982), the Supreme Court articulated a two-part test for analyzing whether conduct, which allegedly deprives a plaintiff of a federal right, is "fairly attributable" to the State. The Lugar court held that, "[f]irst, the deprivation must be caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the state or by a person for whom the state is responsible....Second, the party charged with the deprivation must be a person who may fairly be said to be a state actor." 457 U.S. at 937. In order to survive a motion to dismiss, a § 1983 Plaintiff "must allege that a person...acting under color of state law deprived him of a federal constitutional or statutory right." Estades-Negroni v. CPC Hosp. San Juan Capestrano, 412 F.3d 1, 4 (1st Cir. 2005). The First Circuit has noted that it is "'only in rare circumstances' that private parties can be viewed as state actors." Id.

Private parties may be considered state actors if the private party meets the requirements of one of three tests articulated by the First Circuit: (1) the state compulsion test; (2) the nexus/joint

action test; or (3) the public function test. Estades-Negroni, 412 F.3d at 5. Under the state compulsion test, a private party becomes a state actor when the state "has exercised coercive power or has provided such significant encouragement, either overt or covert, that [challenged conduct] must in law be deemed to be that of the State." Blum v. Yaretsky, 457 U.S. 991 (1982). The nexus/joint action test requires such a close connection between the private party and the State that in viewing the totality of the circumstances the State has "so far insinuated itself into a position of interdependence with the [private party] that it was a joint participant in [the challenged activity]." Estades-Negroni, 412 F.3d at 5, citing Bass v. Parkwood Hosp., 180 F.3d 234, 242 (5th Cir.1999) ("[t]he fact that the defendants...invoked the assistance of the courts...is not sufficient to show a nexus or joint effort between the defendants and the state."); see also Perkins v. Londonderry Basketball Club, 196 F.3d 13 (1st Cir.1999). Plaintiff fails to meet either the state compulsion or the nexus/joint action test because Plaintiff alleges no facts which indicate the State exercised coercive power, provided encouragement or acted in concert with Attorney Smith to violate Plaintiff's civil rights.

The third test is the public function test, which requires that the private party "perform[ ] a public function that has been 'traditionally the exclusive prerogative of the State.'" Estades-Negroni, 412 F.3d 5, citing Blum, 457 U.S. at 1005. The public function test "screens for situations where a state tries to escape its responsibilities by delegating them to private parties." Barrios-Velazquez v. Asociacion de Empleados del Estado Libre Asociado, 84 F.3d 487, 494 (1st Cir. 1996); Perkins, 196 F.3d 13, 19 (1st Cir.1999) (delegation of town's youth basketball league does not meet the public function tests because plaintiff must demonstrate not only the performance of a public function by a private entity but also that the function is one exclusively reserved to the state.)

Plaintiff does not expressly allege that Attorney Smith was a state actor. The argument that a Court-appointed attorney acts under color of state law because he is an officer of the court has been rejected by the Supreme Court. "[A] lawyer representing a client is not, by virtue of being an officer of the court, a state actor 'under color of state law' within the meaning of § 1983." Polk County v. Dodson, 454 U.S. 312, 318 (holding that a public defender employed by a county and appointed to represent an indigent criminal defendant is not a state actor for purposes of § 1983). Since Plaintiff does not and cannot show that Attorney Smith is subject to 42 U.S.C. § 1983, his Complaint fails to state any legally viable federal claims and must be dismissed for lack of subject matter jurisdiction.[1]

**Conclusion**

For the reasons stated, Plaintiff's Motion to Proceed In Forma Pauperis (Document No. 2) is GRANTED. However, pursuant to 28 U.S.C. §§ 1915(e)(2)(B), I further recommend that Plaintiff's Complaint be DISMISSED WITH PREJUDICE.

Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of the Court within fourteen days of its receipt. See Fed. R. Civ. P. 72(b); LR Cv 72(d). Failure to file specific objections in a timely manner constitutes waiver of the right to review by the District Court and the right to appeal the District Court's decision. See United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).

---

[1] Plaintiff also seeks to invoke this Court's supplemental jurisdiction under 28 U.S.C. § 1367 for a state law malpractice claim against Attorney Smith. In view of the lack of any viable federal claims, I recommend that the Court decline to exercise such jurisdiction pursuant to 28 U.S.C. § 1367(c)(3).

　/s/ Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
July 27, 2016