```
                     UNITED STATES DISTRICT COURT
                   FOR THE DISTRICT OF RHODE ISLAND
_____
                                    )
BRYAN SEVEGNY,                      )
                                    )
          Plaintiff,                )
                                    )
     v.                             )   C.A. No. 16-258 S
                                    )
MARK SMITH,                         )
                                    )
          Defendant.                )
_____)
```

**MEMORANDUM AND ORDER**

WILLIAM E. SMITH, Chief Judge.

Magistrate Judge Lincoln D. Almond filed a Report and Recommendation ("R&R") recommending dismissal of Plaintiff's claim. (ECF No. 3.) Plaintiff has filed an Objection (ECF No. 5) and a Motion for Recusal (ECF No. 4). For the reasons set forth below, the Court ADOPTS the R&R and DENIES Plaintiff's Motion for recusal.

I. Dismissal of Plaintiff's Lawsuit

Bryan Sevegny ("Plaintiff") has brought a civil suit against his court-appointed attorney, Mark Smith ("Defendant"), alleging a violation of 42 U.S.C. § 1983 as well as "legal malpractice" under R.I. Gen. Laws 9-1-14.3. (Complaint ¶¶ 1-2, ECF No. 1.) Plaintiff is proceeding in forma pauperis. The Court must therefore review Plaintiff's Complaint sua sponte and dismiss any of Plaintiff's claims that are (i) "frivolous or

malicious," (ii) "fail[] to state a claim on which relief may be granted," or (iii) "seek[] monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Dismissal is only warranted if "it appears to a certainty that the plaintiff would be unable to recover under any set of facts." Roma Const. Co. v. aRusso, 96 F.3d 566, 569 (1st Cir. 1996).

In this case, Plaintiff alleges a violation of 42 U.S.C. § 1983 by his court-appointed attorney. (Complaint ¶ 7, ECF No. 1.) "It is black-letter law that a showing of interference with a constitutionally-protected right by someone acting under color of state law is a prerequisite to a § 1983 action." Malachowski v. City of Keene, 787 F.2d 704, 710 (1st Cir. 1986). The Complaint fails to allege that Defendant is acting under color of state law. Moreover, as Magistrate Judge Almond discussed in the R&R, the Supreme Court has made clear that a court-appointed attorney "'representing a client is not, by virtue of being an officer of the court, a state actor "under color of state law" within the meaning of § 1983.'" (R&R 5, ECF No. 3 (quoting Polk Cty. v. Dodson, 454 U.S. 312, 318 (1981)).)

Plaintiff's Objection ignores this precedent and instead erroneously employs case law from the personal jurisdiction context to claim that Defendant is Rhode Island's "alter ego" and therefore acting under color of state law. (Objection 8-10,

2

ECF No. 5-1.) Plaintiff is simply incorrect – Defendant, as a court-appointed attorney, is not acting under color of state law. Jackson v. Salon, 614 F.2d 15, 16-17 (1st Cir. 1980) ("[W]e have taken the view that court-appointed attorneys do not act under color of law and therefore are not amenable to suit under § 1983."). Plaintiff § 1983 claim is therefore dismissed. Furthermore, because Plaintiff's federal claim has been dismissed, Plaintiff's legal malpractice claim is also dismissed for lack of subject matter jurisdiction. See 28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction.").

    II. Motion for Recusal

Plaintiff seeks to have Magistrate Judge Almond removed from this case pursuant to 28 U.S.C. § 144. (Pl.'s Mot. for Recusal, ECF No. 4.) Under that statute, if a party establishes that a judge has a "bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding." 28 U.S.C. § 144. This requires a "firm showing in [an] affidavit that the judge does have a personal bias or prejudice toward a party" as well as "strict compliance with the procedural requirements of the section." In re Martinez-Catala,

3

129 F.3d 213, 218 (1st Cir. 1997). Plaintiff fails on both fronts. Not only does Plaintiff not provide any facts that suggest bias or prejudice on behalf of Magistrate Judge Almond, but the Motion also fails to include a "timely and sufficient affidavit" supporting Plaintiff's claims as required by 28 U.S.C. § 144.

III. Conclusion

For the foregoing reasons, the R&R (ECF. No. 3) is ADOPTED and Plaintiff's Motion for Recusal (ECF No. 4) is DENIED. Judgment will enter for Defendant.

IT IS SO ORDERED.

/s/ W. Smith
_____
William E. Smith
Chief Judge
Date: January 4, 2017